WENZEL & HENOCH COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*October 13—December 9, 1930.*

*Charles J. Weaver* of Milwaukee, for the appellants.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan* and *F. C. Seibold,* assistant attorneys general, and oral argument by *Mr. Seibold.*

NELSON, J.   Bernice Bloomingdale, the applicant, is the widow of John Bloomingdale, who came to his death on December 19, 1928, while in the employ of the plaintiff Wenzel & Henoch Company while working in an open trench being dug by the plaintiff in the city of Milwaukee.

The trench was about four feet deep and twenty-seven inches wide at the bottom with the top edges on each side sloped back for a distance of about one and one-half or two feet.   The trench started from a manhole and had been dug from the manhole to where the trenching machine was located, a distance of about twenty feet.   Pipe had been laid and the trench refilled for about twelve feet, leaving open about six feet of trench.   The trenching machine had a boom with endless chains to which were attached digging buckets.   On the day of the accident it had been raining so that the chains would slip off the sprockets at the end of

the boom. In order to get the chains back on the sprockets it was necessary to break down the top edges of the trench. The breaking back or sloping off of the top edges of the trench widened the trench about two feet beyond the normal line of the trench at the top. The sides of the trench were braced with ten-inch planks placed lengthwise along the sides of the trench just below the slope back of the top so that the supporting plank would be about two feet from the top of the surface and something less than two feet from the bottom of the trench. These planks were braced by four-by-four timbers forced between them to hold them up against the sides of the trench. At noon on the day of the accident the trenching machine was removed from the trench, due to the difficulty in keeping the chains on the boom. Bloomingdale, together with another man, was put to work after the noon hour to dig by hand. Bloomingdale was standing on solid ground where the end of the boom had been and close behind him were two other workmen. The three men were working in a space about six feet long. Some surface ground which had frozen slipped in from one side of the trench bringing with it some loose ground. The loose ground covered Bloomingdale's feet and lower part of his legs. Bloomingdale was standing up and asked for help to get his feet out and almost immediately thereafter he fell over and was found to be dead. The facts show clearly that he had a weak heart and died as a result of heart failure. The ground in which the trench was being dug was hard red clay above and blue clay below. The surface of the ground was frozen.

The commission awarded primary compensation in the amount of $6,000 and further found "that the injury and death of John Bloomingdale, deceased husband of the applicant, . . . were caused by the failure of the respondent employer to comply with safety order No. 53 of the commission, which order relates to the shoring of excavations,"

and thereupon awarded a fifteen per cent. increased penalty compensation.

The primary compensation of the award of the commission is not questioned. Only the fifteen per cent. penalty award is questioned in this appeal.

For the reasons stated at length in *Wenzel & Henoch Construction Co. v. Industrial Comm.* (*ante,* p. 595, 233 N. W. 777), we conclude that order No. 53, under which the penalty in this case was also inflicted, was an unlawful order. It is unnecessary to repeat in this opinion what was said in the other case decided herewith.

*By the Court.*—Judgment reversed, and cause remanded with instructions to render judgment setting aside the fifteen per cent. penalty award herein.

OWEN, J., dissents.